GORDON-O'NEILL Co., INC., and WILLIAM WILKINS, Respondents, v. B. C. COMPANY, LTD., Defendant, and THOMPKINS MCILVAINE, Appellant. (Appeal No. 2.) — Order directing examination of the individual defendant before trial as an adverse party modified by striking out items 1 to 5, inclusive, and 9 to 11, inclusive, contained in order, and, as thus modified, affirmed, without costs. The examination to proceed on five days' notice. No opinion. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.

EDWIN V. HELLAWELL, as Receiver of the FIRST NATIONAL BANK OF HEMPSTEAD, Respondent, v. CHARLES BAER and Others, Defendants, and CARRIE E. PRAY, as Administratrix, etc., of ELIAS J. PRAY, Deceased, GEORGE B. MCKAY and JOHN B. WOODHULL, Appellants.— The First National Bank of Hempstead, of which plaintiff is the receiver, and the Floral Park Holding Co., Inc., entered into an agreement whereby a certain mortgage covering real property was taken over by assignment from another. At that time the defendants in this action signed and delivered to the bank an agreement which is the basis of this action. All the defendants were stockholders of the mortgagor corporation. The agreement in substance provides that the defendants will bid upon a foreclosure sale a sufficient amount to protect the bank so that there will be no loss to the bank, or, in the alternative, that they will take over the mortgage or make some arrangement so that the bank will receive the full amount advanced without loss of principal or interest. The bank foreclosed the mortgage and bid in the property at the sale; the defendants did not bid at the sale. This action is now brought to recover under the agreement executed by the defendants at the time the mortgage was taken over by the bank by assignment. The several defendants interposed answers containing various defenses, which on motion were struck out. From the order entered thereon the appeal is taken. Order of July 31, 1936, in so far as appealed from, affirmed, with ten dollars costs and disbursements; order of August 1, 1936, denying the named defendants' motion to vacate the order of July 17, 1936, reversed on the law and the facts, without costs, and motion granted, without costs. The order of July 17, 1936, granting the plaintiff leave *nunc pro tunc* to bring the action is unnecessary. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.